# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

OMAYRA RIVERA,

                Defendant.

Case No. 16-CR-87-7-JPS

**ORDER**

        Defendant Omayra Rivera ("Rivera") is charged with one count of conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2. (Docket #1). Before the Court is the January 30, 2017 report and recommendation of Magistrate Judge David E. Jones as to Rivera's motion to suppress evidence, which he recommends should be denied. (Docket #254). Rivera filed an objection thereto on February 14, 2017 (Docket #257), the government responded on March 2, 2017 (Docket #264), and Rivera did not file a reply. The objection is now fully briefed and, for the reasons stated below, it will be overruled.

        As detailed in the report and recommendation, Rivera seeks to suppress all the evidence—including narcotics, packaging materials, a handgun, and other items—and derivative evidence obtained as a result of the search of her home that underlies the present charges. (Docket #254 at 2). She claims that the affidavit supporting the search warrant did not set forth sufficient facts to establish probable cause to search the home. *Id.* Rivera contends that the facts asserted in that affidavit were "'vague, innocuous, and stale'" as to her and her alleged role in the drug trafficking organization that is the subject of this case. *Id.* (quoting Docket #244 at 16).

1.  **RELEVANT FACTS AND PROCEDURAL HISTORY**

The relevant facts are drawn from Magistrate Jones' report and recommendation, as the parties have not objected to those facts. Evelyn Lazo ("Lazo") is a police officer for the City of Milwaukee and was the affiant for the search warrant application at issue here. *Id.* at 3. She has fourteen years of experience as an officer, including a years-long investigation into the activities of the Rivera Drug Trafficking Organization ("Rivera DTO"). *Id.* The Rivera DTO operates in Milwaukee and sells primarily heroin, cocaine, and marijuana. *Id.* Phone numbers used by the Rivera DTO have been linked to several heroin overdose deaths. *Id.*

Lazo avers that law enforcement have been investigating the group since 2011. *Id.* In her affidavit, she explained in detail several investigative avenues that supported her belief that Rivera's home (and others identified in the affidavit) contained evidence linked to the Rivera DTO. *Id.* These included: (1) confidential source information; (2) controlled purchases of narcotics and consensual phone calls; (3) overdose death investigations; (4) GPS tracking; (5) court-authorized interceptions; (6) information pertaining to specific individuals; and (7) residence information. *Id.*

Lazo touched on Rivera and her activities in only some of these areas. For instance, the explanation of the heroin overdose investigations does not mention Rivera, nor does the section on GPS tracking. *Id.* at 4. Yet other portions of the affidavit deal with her directly. First, the confidential sources identified several members of the Rivera DTO and their roles in the organization. *Id.* at 3. Five of the six individuals identified Rivera as an active member of the group. *Id.* These individuals were interviewed

between eight and thirty-six months prior to the warrant application. *Id.* at 8. Second, the informants described in detail several controlled purchases of drugs, though Rivera's role in these purchases was only that she allegedly had another individual selling drugs on her behalf. *Id.* at 3–4. Finally, several wiretapped conversations between Rivera and others were presented. *Id.* at 4. In one of these calls, which occurred just over a month prior to the warrant application, Rivera discussed a failed drug sale to an out-of-town visitor who had wanted to purchase marijuana and a "white dust" worth $1,500 per ounce. (Docket #250-5 ¶ 145). Finally, Lazo provided a list of residences sought to be searched, including Rivera's. (Docket #254 at 4).

Based on this affidavit, Magistrate Judge William E. Duffin signed the application and search warrant on June 13, 2016. *Id.* As noted above, law enforcement recovered drugs, drug paraphernalia, a firearm, and other items from Rivera's residence. Magistrate Jones denied her motion to suppress this evidence, noting that although Lazo's averments as to Rivera herself were less prominent and recent than those as to other members of the Rivera DTO, this did not undermine the validity of the warrant. *Id.* at 6–9. Further, Magistrate Jones found that even if the warrant was deemed invalid, the good-faith exception to the exclusionary rule under *United States v. Leon*, 468 U.S. 897 (1984), should bar suppression of the evidence. (Docket #254 at 9–10). Rivera timely objected to these rulings. (Docket #257).

2. **STANDARD OF REVIEW**

When reviewing a magistrate's recommendation, this Court is obliged to analyze the recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C).

The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id.*

### 3. ANALYSIS

Judges assessing search warrant applications are asked to employ both discernment and common sense. *United States v. Anderson*, 450 F.3d 294, 302 (7th Cir. 2006). The judge must be satisfied that probable cause exists that the place to be searched contains evidence of a crime. *United States v. Jones*, 208 F.3d 603, 608 (7th Cir. 2000). Yet "direct evidence linking a crime to a particular place, while certainly helpful, is not essential to establish probable cause to search that place." *United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010). Instead, the judge must look at the totality of the circumstances presented, including the nature of the evidence sought and the crime alleged, to determine if "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 218 (1983). Scrutinizing every detail for possible defects is neither required nor appropriate, since probable cause is a "fluid concept" embracing "the assessment of probabilities in particular factual contexts," not legal certainties. *Id.* at 232; *Anderson*, 450 F.3d at 302 ("The probable cause inquiry is practical, not technical."). Moreover, on later review, the issuing judge's finding of the existence of probable cause is entitled to deference and should not be gainsaid "if there is substantial evidence in the record that supports his decision." *United States v. Sutton*, 742 F.3d 770, 773 (7th Cir. 2014); *Gates*, 462 U.S. at 238–39.

Rivera's position is that the evidence before Magistrate Duffin was

Page 4 of 9

Case 2:16-cr-00087-JPS   Filed 03/16/17   Page 4 of 9   Document 267

too old and too attenuated in its connection to her to establish probable cause to search her residence. *See* (Docket #257). The Court disagrees. There was evidence that Rivera was a suspected drug dealer, which was shown by, for example, an intercepted call just over one month before the warrant application in which Rivera speaks of selling narcotics to an out-of-town visitor. *See* (Docket #244 at 15). Numerous confidential informants corroborated the notion that Rivera was a member of the Rivera DTO and had been selling drugs as part of the group for a long time. *Id.* at 5–10. That the informants did not themselves possess some corroborating evidence for their statements does not make their statements inherently unreliable.

Furthermore, Lazo believed, based on her long experience in narcotics investigations, that evidence would likely be located in Rivera's residence. Officers are permitted to draw reasonable inferences from the facts presented; one of the most common inferences, and one which is eminently reasonable, is that drug dealers keep their wares at home. *Aljabari*, 626 F.3d at 944 ("Simple common sense supports the inference that one likely place to find evidence of a crime is the suspect's home, at least absent any information indicating to the contrary."); *United States v. Orozco*, 576 F.3d 745, 749 (7th Cir. 2009). Lazo arrived at that conclusion here, and Rivera offers no viable basis on which to question it. *See* (Docket #248 at 3–4).

Instead, she asks the Court to consider her own innocuous explanations for the evidence, to the exclusion of other reasonable conclusions that might be drawn. *See* (Docket #244). The possibility of an innocent explanation is just that—a possibility, and one the issuing judge

must consider with the rest of the circumstances presented in a particular application. *United States v. Funches*, 327 F.3d 582, 587 (7th Cir. 2003). Viewing the affidavit as a whole, this Court cannot say that Magistrate Duffin lacked a reasonable basis to conclude that probable cause existed, notwithstanding Rivera's protestations that each piece of evidence, viewed in an isolated fashion, might be explained away.

Rivera compares her case to *Orozco* in an effort to show that her involvement in the Rivera DTO was minimal. *See* (Docket #257 at 3–4). Unlike that case, where gang members averred that the defendant, the gang's second-in-command, sold large quantities of drugs, *Orozco*, 576 F.3d at 747–48, here Rivera claims there is no indication that she was a prominent member of the drug trafficking organization in the recent past, (Docket #257 at 4). While Rivera may not have been one of the Rivera DTO's leaders, confidential informants indicated that Rivera sold them drugs or sold drugs to others. Her involvement in drug sales was confirmed in intercepted telephone calls. These facts are sufficient to support probable cause even if Rivera's role in the trafficking was less than that of the defendant in *Orozco*.

Likewise, although Rivera believes that the information about her was stale, the age of Lazo's information was merely one facet of the application Magistrate Duffin had to consider. *United States v. Pappas*, 592 F.3d 799, 803 (7th Cir. 2010). Rivera emphasizes that none of the allegations of drug dealing by the confidential informants were less than several months old at the time of the search warrant application. (Docket #251 at 3). She also points out that the most recent intercepted call was over half a month old by that time. (Docket #244 at 16). What the evidence

showed, however, was that Rivera had a history of involvement in the Rivera DTO, had sold narcotics through another individual, and had discussed a drug sale about one month prior to the application. From this vantage point, the Court does not find any reason to overturn Magistrate Duffin's decision that the balance of the warrant application compensated for any potential deficiency in the timeliness of the evidence.

Also as to the staleness issue, Rivera objects to Magistrate Jones' reliance on several child pornography cases involving search warrants for computer files. (Docket #257 at 1–2). She argues that staleness of information is more relevant to the probable cause inquiry in a narcotics case, where evidence is easily moved and destroyed, than in a child pornography case. *Id.* Even assuming this is true, Rivera's objection is misguided. Magistrate Jones cited these cases merely for the general proposition that "recency of information provided to the issuing judge is one factor bearing on the question of probable cause." (Docket #254 at 8). Rivera does not challenge the real point here—that staleness of information is only one element the issuing judge had to contend with. Thus, the Court concludes, as Magistrate Jones did, that there was substantial evidence from which Magistrate Duffin could conclude that probable cause existed to search Rivera's home.

Furthermore, even if the Court found the affidavit lacking in detail sufficient to support probable cause, suppression would not be the answer in this case. Under *Leon*, the Court can exclude the fruits of a search based on an invalid warrant only if the officer did not act in good faith in relying on the invalid warrant. *Leon*, 468 U.S. at 926. An officer's decision to seek a warrant in the first place in *prima facie* evidence that she acted in good

faith. *United States v. Mykytiuk*, 402 F.3d 773, 777 (7th Cir. 2005). Moreover, after the judge signs the warrant, the officer will lack good faith in executing it only if a reasonably well-trained officer would have known the search was illegal despite the judicial authorization. *Leon*, 468 U.S. at 922 n.23.

To rebut the evidence of good faith—here shown by Lazo's decision to seek a warrant and Magistrate Duffin's decision to sign the proposed warrant—Rivera was required to show that: (1) Magistrate Duffin abandoned his role as a neutral and detached arbiter; (2) Lazo was reckless or dishonest in preparing the supporting affidavit; or (3) Lazo's affidavit was so lacking in probable cause that no officer could have reasonably relied on it. *Id.* at 923. This she has not done. She has not impugned either Magistrate Duffin or Lazo. At best, she seems to claim that the warrant application was so deficient that law enforcement could not have reasonably relied on it, but as shown above, Lazo's affidavit contained sufficient information for Magistrate Duffin, and by extension the executing officers, to conclude that probable cause for the search existed. At a minimum, the affidavit was "facially sufficient." *United States v. Caffie*, 310 F. App'x 24, 26 (7th Cir. 2009). Thus, suppression would not be appropriate in this case in any event.

Accordingly,

**IT IS ORDERED** that Defendant Omayra Rivera's objection to Magistrate Judge David E. Jones' Report and Recommendation (Docket #257) be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge David E. Jones' Report and Recommendation (Docket #254) be and the same is hereby

Page 8 of 9

Case 2:16-cr-00087-JPS   Filed 03/16/17   Page 8 of 9   Document 267

**ADOPTED**; and

**IT IS FURTHER ORDERED** that Defendant Omayra Rivera's motion to suppress (Docket #244) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge